IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:22-CR-00340 |
| v. | ) | |
| | ) | CHIEF JUDGE CRENSHAW |
| MAHAN JANBAKHSH | ) | |
| a/k/a MARK JANBAKHSH | ) | |
| STEVEN L. PIPER | ) | |

### UNITED STATES' SUPPLEMENTAL NOTICE UNDER FED. R. EVID. 404(b)

Comes now the United States, by and through its undersigned attorneys, and provides notice to opposing counsel and this Court of the Government's intent to offer evidence that may be construed as implicating Federal Rule of Evidence 404(b). The Government may seek to introduce at trial evidence that Defendant Steve Piper received income he did not report on his tax returns during tax years 2013 through 2015 and 2018. This evidence is intrinsic to the charged offenses and thus is relevant and admissible under Rule 403 as direct evidence of willfulness and intent of the crimes charged in the Indictment. Alternatively, the evidence is admissible under Rule 404(b)(2).

### I.     Background

Defendants Mark Janbakhsh and Steve Piper are charged in a multi-count indictment with conspiracy to commit bank fraud and numerous counts of bank fraud, making false statements to a bank, bankruptcy fraud, and falsely testifying under oath during and in relation to a bankruptcy proceeding.  (DE 3.)  Additionally, Defendant Mark Janbakhsh has been charged with witness tampering for allegedly attempting to bribe Quiroz, and Defendant Steve Piper is charged in

1

Counts 19 through 21 of the Indictment with filing false federal income tax returns for tax years 2016, 2017, and 2019. (*Id.*)

As explained in the *Government's Response in Opposition to Defendant's Motion to Sever Counts 19 through 21* (D.E. 76), the Government expects the evidence at trial to show that the income that Piper received and failed to report during tax years 2016 and 2017 represents proceeds of the alleged fraud. Further, the income that Piper failed to report for tax year 2019 came from another company owned by Piper's co-conspirator, Mark Janbakhsh.

At trial, the Government may also seek to introduce evidence that Piper failed to report to the IRS income that he received during tax years 2013, 2014, 2015, and 2018. More particularly, the Government intends to introduce evidence that Piper received income from Auto Masters or another company owned by Mark Janbakhsh during each of those years, and that he did not report those funds on his tax returns. The Government expects the evidence to show that Piper failed to report $44,978 in 2013; $49,032 in 2014; $58,456 in 2015; and $29,972 in 2018.

## II.     Inextricably Intertwined Evidence Does Not Implicate Rule 404(b)

Rule 404(b) does not apply to *res gestae*, background evidence consisting of "other acts that are inextricably intertwined with the charged offense . . . the telling of which is necessary to complete the story of the charged offense." *United States v. Olds*, 309 F. App'x 967, 974 (6th Cir. 2009) (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)).

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*Hardy*, 228 F.3d at 748 (citation omitted).

Rule 404(b) also does not apply to evidence of other bad acts or crimes if that evidence is "intrinsic" to the crime charged. *United States v. Rozin*, 664 F.3d 1052, 1063 (6th Cir. 2012).

2

Whether evidence is intrinsic similarly turns on its connection to the charged offenses. Evidence of a pattern of continuing activity with the charged offenses is intrinsic. *United States v. Adams*, 722 F.3d 788, 822 (6th Cir. 2013) (citing *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995)). Evidence is also intrinsic when it is "inextricably intertwined" with evidence of the crimes charged, as with *res gestae* evidence. *Id.* at 810 (citing *Hardy*, 228 F.3d at 748).

At trial, the Government may seek to introduce evidence that Piper received income that he did not report on his tax returns for tax years 2013, 2014, 2015, and 2018. These false documents followed the same pattern as the false tax returns charged in the Indictment.  Like tax years 2016, 2017, and 2019, Piper omitted income he received from Auto Masters or another company controlled by Mark Janbakhsh.

This evidence that Piper failed to report all his income on his tax returns during 2013, 2014, 2015, and 2018 is intrinsic as evidence of his willfulness on the charged tax crimes. To prove the charged violations of § 7206(1) (Counts 19 – 21), the Government must show that Piper willfully made and subscribed a document, that the document contained a written declaration that it was made under penalties of perjury, and that Piper did not believe the document to be true and correct as to every material matter. *United States v. Tarwater*, 308 F.3d 494, 504–05 (6th Cir. 2002). Acting "willfully" means the Defendant undertook the voluntary, intentional violation of a known legal duty. *United States v. Rozin*, 664 F.3d 1052, 1058 (6th Cir. 2012).

Piper's pattern of failing to report all his income on his tax returns during tax years 2013, 2014, 2015, and 2018 is relevant to establish his willfulness.  This pattern of false filings creates a strong inference that Piper's conduct during the charged tax years was voluntary and intentional. *See United States v. DeClue*, 899 F.2d 1465, 1472 (6th Cir. 1990) (affirming tax evasion conviction when evidence established pattern of underreporting substantial income from which jury could

3

infer willfulness). The income that Piper excluded from the 2013, 2014, 2015, and 2018 tax years and from the charged tax years (2016, 2017, and 2019) was of the same nature. Each year, it either represented fraud proceeds (tax years 2013 – 2017) or income from a company controlled by co-conspirator Mark Janbakhsh (tax years 2018 – 2019).

In addition to being evidence of willfulness for the tax fraud charges, evidence that Piper did not report fraud proceeds is admissible as evidence of intent to conceal his fraud scheme. *See See United States v. Epstein*, 426 F.3d 431, 439 (1st Cir. 2005) (holding that tax returns which omitted income were admissible as intrinsic evidence of underlying fraudulent scheme because fact that defendant "did not include all of his income suggest[ed] that he had knowledge of the fraudulent scheme"); *United States v. Johnson*, 262 F.R.D. 410, 415 (D. Del. 2009) (holding that "an alleged pattern of concealing income, demonstrated by the tax return evidence as a whole, serves as direct proof that Defendants' possessed the requisite fraudulent intent for the crimes charged"). The evidence of filing false tax returns is thus "inextricably intertwined" with the fraud charges. As previously explained, the Government expects the evidence to show that the income Piper did not report during tax years 2013, 2014, 2015 represented a portion of the fraud proceeds. Thus, regardless whether Piper had been charged with tax offenses, his failure to report these payments on his tax returns is admissible on the fraud charges as evidence of concealment of the scheme.

## III. Evidence of Other Crimes, Wrongs, or Acts May Still Be Admitted for Non-Propensity Purposes

If the Court concludes that the evidence of Piper's prior false filings is extrinsic to the charged offenses, such evidence is admissible under Rule 404(b)(2). Even extrinsic evidence of other bad acts or crimes is admissible if that evidence is offered for a permissible purpose. FED. R. EVID. 404(b)(2).

The Rule contains a general prohibition on admitting evidence of other crimes, wrongs, or acts to prove a person's character to show that they acted in conformity with that supposed character trait. Even so, Rule 404(b) provides that extrinsic evidence of a defendant's other bad acts or crimes is admissible to prove certain enumerated purposes, such as motive, intent, preparation, plan, or knowledge. *Rozin,* 664 F.3d at 1063; *United States v. Lattner*, 385 F.3d 947, 956 (6th Cir. 2004). And though Rule 404(b) prohibits the admission of this evidence to prove a defendant's character, the Sixth Circuit interprets the rule as one of inclusion, not exclusion, and gives district courts broad discretion in admitting evidence under this rule. *Lattner*, 385 F.3d at 956.

First, Piper's pattern of false filings suggests that he filed the charged false documents knowingly and intentionally. Piper was a licensed CPA and tax return preparer. The fact that he engaged in this pattern of misconduct for the duration of the fraud is evidence that he acted knowingly and intentionally during 2016, 2017, and 2019. He knew he was required to report the income he received, and he did not simply inadvertently omit income from one or two sources. Rather, he engaged in a pattern of intentionally omitting income so that he could lower his tax liability.

Further, the fact that Piper filed additional false tax returns during the conspiracy and scheme to defraud—tax returns that omitted a portion of the fraud proceeds—demonstrates his knowledge and intent to conceal the underlying fraud crimes he is also charged with committing. *United States v. Barrett*, 153 F. Supp. 3d 552, 570 (E.D.N.Y. 2015) (holding that evidence of tax fraud was "admissible under Fed. R. Evid. 404(b) to prove defendant's plan, lack of mistake, and knowledge that the funds were the proceeds of illegal activity"). The evidence will show that Piper received a benefit while he worked at Auto Masters that was above and beyond his salary, and he

5

did not report that benefit to the IRS. The logical inference is that he concealed this benefit to conceal his profit from the conspiracy. The unreported payments from Auto Masters to Piper is also evidence of the relationship that Piper had with his co-conspirator Mark Janbakhsh. It was by virtue of his position at Mark Janbakhsh's companies that Piper had the ability to make these additional payments to himself out of the Auto Masters bank accounts.

Further, the fact that Piper filed false tax returns for uncharged years during and after the fraud scheme is relevant to establish Piper's plan and lack of mistake during the charged tax years. *See United States v. Tolley*, 749 F. App'x 865, 869 (11th Cir. 2018) (holding evidence of failure to file tax returns in uncharged years was admissible to show intent and lack of mistake during charged tax years).

## IV. The Evidence Is Not Unfairly Prejudicial Under Rule 403

Under either theory of admissibility, the evidence must not present a danger of unfair prejudice to a defendant that substantially outweighs the evidence's probative value. FED. R. EVID. 403. Evidence that establishes that Piper earned income from Auto Masters or other sources owned by Mark Janbakhsh during the conspiracy and afterwards is highly probative to proving he conspired with Mark Janbakhsh to commit the fraud. It is likewise highly probative to proving that he intentionally and knowingly filed the charged, false documents with the IRS. The evidence is thus directly probative of Piper's willfulness. *See United States v. El-Mezain*, 664 F.3d 467, 509 (5th Cir. 2011) ("Evidence which tends to rebut a defendant's claim of innocent action is unlikely to be unduly prejudicial.").

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney

By: */s/ Kathryn. W. Booth*

6

Kathryn W. Booth
Chris Suedekum
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 27203
(615) 736-5151

## **CERTIFICATE OF SERVICE**

The undersigned certifies that I caused the above Notice to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Kathryn W. Booth*
Kathryn W. Booth
Assistant United States Attorney

7