UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:22-cr-00340 |
| | ) | CHIEF JUDGE CRENSHAW |
| STEVEN L. PIPER | ) | |

## REPLY TO THE GOVERNMENT'S RESPONSE TO MR. PIPER'S MOTION TO SEVER COUNTS 1-12 AND COUNT 15 FROM COUNTS 19-21

Comes now Steven L. Piper, by and through counsel of record, and hereby replies to the government's response to his motion to sever Counts 1-12 and Count 15 from Counts 19-21. As noted in more detail in Mr. Piper's motion to sever, Counts 1-12 and Count 15 involve allegations of bank fraud and bankruptcy fraud related to Mr. Piper's employment at Auto Masters, a group of used car dealerships. Counts 19-21 are related to Mr. Piper only and involve allegations related to Mr. Piper's personal income tax returns. More specifically, Counts 19-21 are related to allegations of failure to report all reportable income on Mr. Piper's personal tax returns.

Count 21 alleges a failure to report income that was derived in 2019. The relevant facts regarding the underlying bank fraud and bankruptcy fraud counts ended in 2017, when the company bankruptcy proceedings began. There is no connection between the failure to report income from tax year 2019 and the bank fraud and bankruptcy fraud allegations which took place on or before 2017. The government relies primarily on a judicial economy argument, which is outweighed by the prejudicial effect of trying Mr. Piper on Count 21 with the other counts.

1

Regarding Counts 19 and 20, the government generally relies upon the argument that the unreported income was comprised of funds derived from fraudulent activity. The funds that were used to pay Mr. Piper came from the businesses that are the subject of this case. Although the businesses, according to the allegations in the Indictment, may have received loan money based upon misrepresentations, the businesses also generated revenue from lawful activities. Even if the money received by Mr. Piper came from both loan proceeds and regularly generated revenue, it is difficult to definitively determine the source of the unreported income. As a result, it is difficult to support the argument that the income was derived from fraudulent activity and was not reported in order to conceal the source of the income.

Based upon the foregoing, Mr. Pipers moves the Court to sever Counts 1-12 and Count 15 from Counts 19-21.

Respectfully submitted,

s/ *Paul J. Bruno*
Paul J. Bruno, B.P.R. #17275
Barrett, Johnston, Martin & Garrison, LLC
200 31st Avenue, North
Nashville, Tennessee 37203
(615) 244-2202
pbruno@barrettjohnston.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing *Reply To The Government's Response To Mr. Piper's Motion To Sever Counts 1-12 And Count 15 From Counts 19-21* has been emailed via the Court's electronic filing system to Kathryn W. Booth, Assistant United States Attorney, 719 Church Street, Suite 3300, Nashville, TN 37203, on this the 29th day of February, 2024.

s/ *Paul J. Bruno*
Paul J. Bruno