UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:22-CR-00340-1 |
| v. | ) | |
| | ) | Judge Crenshaw |
| MAHAN JANBAKHSH | ) | |
|    a/k/a MARK JANBAKHSH | ) | |

## UNITED STATES' RESPONSE TO MOTION FOR JUDICIAL INQUIRY INTO ATTORNEY-CLIENT PRIVILEGED MATERIAL

The United States of America, through Henry C. Leventis, United States Attorney for the Middle District of Tennessee, Assistant United States Attorneys Kathryn W. Booth and Chris Suedekum, files this response to Defendant Mark Janbakhsh's *Motion for Judicial Inquiry Into Waiver of Attorney-Client Privilege* (Doc. No. 120). In his Motion, the Defendant asks the Court to conduct an inquiry into whether the communications between Ron Janbakhsh and his attorney, which Defendant Mark Janbakhsh has retained in his possession, are protected by the attorney-client privilege. He contends that the privilege has been waived. He further asserts that the Government is not a proper party to these proceedings because the privilege belongs to Ron Janbakhsh, not the Government. Moreover, he complains that he has no way of knowing whether the privilege has been waived unless the Government responds to his lengthy demands for information about the details about its investigation.

The Government raised this issue with the Court in the *Motion to Compel* (Doc. No. 117) because this matter relates to discovery in this criminal case, and this Court is the arbiter of discovery. Defendant Mark Janbakhsh has refused to return materials the Government inadvertently disclosed in discovery in this case. The Government notified Defendants that it

believes those materials are privileged, and asked for their return.[1] Defendant Janbakhsh refused to return those materials unless the Government responded to his letter, which contained myriad requests that are not discoverable requests under Rule 16 or any other authority.

The Government agrees that the privilege belongs to Ron Janbakhsh and his attorney, and not to the Government. The Defendant's attempt to use this inadvertent disclosure as an opportunity to extract information from the Government about its investigation is misplaced. He has cited no rule or other authority that would require the *Government* to respond to his inquiries. Indeed, the answers to his questions are not presently discoverable under Fed. R. Crim. P. 16 or any other authority.[2] Rather, as he correctly identifies, the privilege belongs to Ron Janbakhsh and his counsel. As such, the appropriate party to answer his questions is not the Government, but Ron Janbakhsh and his counsel, who are asserting the privilege and who will have the burden to establish its existence and address defendant's waiver arguments.[3]

---

[1] As previously noted, Paul Bruno, counsel for Defendant Piper, complied with the request to return the materials.

[2] To the extent that the letter demands information that is construed as *Jencks* or *Giglio* information, that information will be disclosed in accordance with those authorities and the Court's scheduling orders.

[3] The Defendant asserts he "has no way of verifying any of the government's claims on this issue," complaining that he is stymied because the Government "has been unwilling to provide any documentation or further details." (Doc. No. 119, PageID# 778-79.) He has apparently taken no steps to reach out to Ron Janbakhsh's counsel himself.

2

Case 3:22-cr-00340   Document 122   Filed 07/23/24   Page 2 of 3 PageID #: 829

The Government does not object to the *Defendant's Motion for Judicial Inquiry* (Doc. No. 120), except to the extent that the Defendant asks the Government to provide any evidence or answer any inquiries at that hearing.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney for the
Middle District of Tennessee

*s/ Kathryn W. Booth*
Kathryn W. Booth
Chris Suedekum
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: (615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2024, I electronically served a copy of the filing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for the defendant.

*s/ Kathryn Booth*
Kathryn Booth
Assistant U.S. Attorney
