# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:22-CR-00340-1 |
| v. | ) | |
| | ) | Judge Crenshaw |
| MAHAN JANBAKHSH | ) | |
| a/k/a MARK JANBAKHSH | ) | |

## WITHDRAWAL OF ATTORNEY-CLIENT PRIVILEGE AS TO COMMUNICATIONS ON CELL PHONE AND SUGGESTION OF MOOTNESS

In a pleading filed on July 11, 2024 (Doc. No. 117), the government sought the return of certain privileged information, given Mehran ("Ron") Janbakhsh's assertion of the privilege regarding attorney-client communications on the subject cell phone. Attorneys for Mahan ("Mark") Janbakhsh responded with a Motion for Judicial Inquiry into the Privilege (Doc. No. 120).

This Court then scheduled a hearing on August 30, 2024. Mahan ("Mark") Janbakhsh subpoenaed Mehran ("Ron") Janbakhsh to the hearing. Undersigned counsel was directed to appear at the hearing.

On August 30, 2024, the Court heard from the attorney for the government, undersigned counsel, and attorney for Mahan ("Mark") Janbakhsh. Undersigned counsel appreciates the sensitivity with which this Court conducted the proceeding on August 30, 2024, and in particular, allowing undersigned counsel to recite the facts. The Court then issued an Order for a briefing schedule for Mehran ("Ron") Janbakhsh to respond to the

Mahan ("Mark") Janbakhsh's Motion and related pleadings and for a hearing on these issues (Doc. No. 141).

After further researching the law and the facts concerning the transmission of the cell phone to the government, Mehran ("Ron") Janbakhsh and his counsel now withdraw assertion of the attorney-client privilege as to the email and text message communications between their client and the attorneys but only as to those communications on the subject cell phone.

Counsel recognizes that the entire unredacted cell phone contents were provided to the attorneys for both co-defendants in this matter. Since undersigned counsel and Mehran ("Ron") Janbakhsh no longer assert the privilege to the materials on the cell phone, the government's motion for the defendants to return some or all portions of the cell phone production is now moot, and that Mahan ("Mark") Janbakhsh's Motion for Judicial Inquiry into same is also moot. Given this was the only issue that pertains to Mehran ("Ron") Janbakhsh, it is suggested that no further judicial inquiry or hearing is necessary which might require the presence of Mehran ("Ron") Janbakhsh or the testimony of his attorneys. Thus, Mehran ("Ron") Janbakhsh also requests that the Order of August 30, 2024 be modified so that this further hearing is unnecessary.

For all these reasons, the Court should find the government's motion of July 11, 2024 is moot, Mahan ("Mark") Janbakhsh's motion of July 16, 2024 is moot, and, respectfully, the prospective judicial inquiry hearing is cancelled as unnecessary.

Respectfully submitted,

/s David L. Raybin
David. Raybin
Raybin & Weissman, P.C.
424 Church Street, Suite 2120
Nashville, Tennessee 37219
615-256-6666
DRaybin@NashvilleTnLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, I electronically served a copy of the filing with the Clerk of the Court by using the CM/EFC system, which will send a Notice of Electronic Filing to all counsel of record.

/s David L. Raybin
David. Raybin