UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cr-00340-1 |
| MAHAN JANBAKHSH, | ) ) ) |
| Defendant. | ) ) |

### ORDER

Before the Court is Defendant Mahan Janbakhsh's Motion to Continue Trial (Doc. No. 301), which has been fully briefed and is ripe for decision. As the Court summarized in its prior Order, Defendant moved for a continuance of "no less than ninety (90) days" because the Government's "massive last-minute disclosure" of 77,805 pages of material, which includes previously withheld "key documents" and Brady material, allegedly "creates an insurmountable burden that makes effective trial preparation impossible" and violates his due process rights. (Doc. No. 301 at 1–2).

The Court initially reserved decision on Defendant's motion to give the parties time to meet and confer and identify documents that: (i) were produced for the first time in the July 8, 2025 production, (ii) constitute pure Brady material, and (iii) constitute Brady and Jencks Act material. (Doc. No. 323 at 3). The parties apparently could not reach an agreement regarding these issues and filed separate status reports. (See Doc. Nos. 324, 325, 327, 372). The Court then ordered the parties to go back and have another meet and confer with "all counsel of record and the parties' respective computer staff personnel." (Doc. No. 375).

At the end of the July 15, 2025 pretrial conference, defense counsel stated as follows:

> I know the Court ordered us to meet and confer. Were going to do that now. I will say that we made an offer to the government this morning. I think from their filing today they are -- they have pointed to different things that they think are the documents so we can find them. And we've sort of talked about that conversation of where we might be able to find these documents.
>
> The proposal we made to the government was if we can find -- if they could identify -- which they say they may have done in the pleading this morning -- where these documents exist in prior discovery, we would just need two weeks from that period of time. If they can get it to us today, if they get it to us Tuesday, we just need two weeks to be able to actually look at what we're looking at.

(Doc. No. 385 at 29–30). Defense counsel reaffirmed this representation during the telephonic conference call on July 17, 2025.

On July 16, 2025, the parties filed another "joint status report" stating that they "agree that the new material totals 1,335 pages." (Doc. No. 381 at 1). Although the parties have resolved this issue, Defendant maintains "that the agreement about the number of pages not previously produced does not resolve the core reason as to why a continuance is necessary," and therefore he reiterates his request for "a two-week continuance in order to review these materials." (Id. at 2).

The Court congratulates the parties for reaching an agreement about the volume of "new" material produced as part of the Government's July 8 and 9 productions. The Court does not find that Defendant's initial request for a ninety-day continuance is justified under these circumstances, but it does find that Defendant's revised request for two weeks to review and make use of the 1,335 pages of new material produced by the Government before trial is a barely "justified request." See United States v. Walden, 625 F.3d 961, 964 (6th Cir. 2010). The Court also notes that this continuance means Defendant will have Jencks Act material three weeks before the trial begins. Given that the Court will grant Defendant's request for a continuance on this ground, it sees no reason at this time to opine on Defendant's "other reasons supporting a continuance." (See Doc. No. 381 at 2).

Accordingly, Defendant's Motion to Continue Trial (Doc. No. 301) is **GRANTED IN PART** as to Defendant's amended request for a continuance of two weeks from the date the Government identified the "new" material in its production—July 15, 2025. With this additional time, the parties shall meet and confer for a minimum of ninety (90) minutes to reach agreement on (i) stipulated facts that will help the jury and (ii) exhibits that will not only help the jury but save time at trial. This case will now proceed to a jury trial at 9:00 a.m. on **July 29, 2025**, at the United States Courthouse, 719 Church Street, Fifth Floor, Courtroom 5D, Nashville, Tennessee. The July 18, 2025 deadlines set forth in the Court's July 16, 2025 Order (Doc. No. 380 at ¶¶ 11, 12) are extended to 12:00 noon on **July 25, 2025**.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE