UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.  3:22-CR-00340-1 |
| v. | ) |
| | ) Judge Crenshaw |
| MAHAN JANBAKHSH | ) |
| a/k/a MARK JANBAKHSH | ) |
| | ) |
| Defendant. | ) |

### UNITED STATES' MOTION TO AMEND JUDGMENT

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(B) and 36, the United States of America moves this Court to amend the Judgment as to Defendant Mahan Janbakhsh to include the Court's Order of Forfeiture.  As grounds, the United States submits:

On October 24, 2022, the United States filed an Eighteen Count Indictment charging the Defendant, Mahan Janbakhsh a/k/a Mark Janbakhsh, in pertinent part, at Count One (conspiracy to commit bank fraud, 18 U.S.C. § 371), Counts Two through Six (bank fraud, 18 U.S.C. § 1344), Counts Seven through Eleven (making a false statement to a bank, 18 U.S.C. § 1014), Counts Thirteen and Fourteen (bankruptcy fraud, 18 U.S.C. § 157), Counts Sixteen and Seventeen (false oath in bankruptcy proceeding, 18 U.S.C. § 152(2)), and  Count Eighteen (witness tampering,  18 U.S.C. § 1512(b)(3)).

On February 4, 2026, this Court entered its Judgment as to the Defendant and noted in the Judgment that forfeiture would be "determined at a later time". (ECF No. 478.) Fed. R. Crim. P. 32.2(b)(4)(B) requires the Court to include an order of forfeiture in the Judgment:

> The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing.

> The court **must also include the forfeiture order, directly or by reference, in the judgment** . . .. Fed. R. Crim. P. 32.2(b)(4)(B). (Emphasis added).

Further, Fed. R. Crim. P. 36 provides that "After giving any notice it considers appropriate, the court may at any time . . . correct an error in the record arising from oversight or omission."

This Court granted the United States' Unopposed Motion for Entry of Forfeiture Money Judgments on April 13, 2026. (ECF Nos. 485 and 486.) Defendant was ordered to pay forfeiture money judgments in the amount of $7,443,498.64 United States currency as to Counts One through Eleven, representing the value of the property traceable to Defendant's convictions, under 18 U.S.C. § 981(a)(1)(C), and the value of the property constituting, or derived from, proceeds obtained directly or indirectly, as a result of Defendant's offenses, under 18 U.S.C. § 982(a)(2)(A).

Therefore, because the Court intended to address forfeiture after the sentencing hearing and the parties consented to $7,443,498.64 forfeiture money judgements as to Counts One through Eleven, the United States respectfully requests that the Order of Forfeiture now be included in an Amended Judgment as to the Defendant pursuant to Fed. R. Crim. P. 36.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney for the
Middle District of Tennessee

 s/ Chris Suedekum
CHRIS SUEDEKUM
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203-6940
Telephone: (615) 736-5151
Email: Chris.Suedekum@usdoj.gov

2